**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

CARL CURRY
ADC # 84737                                                                                       PLAINTIFF

V.                              CASE NO. 5:10CV00154 JMM/BD

ROBBIE FREAD, *et al.*                                                                      DEFENDANTS

<u>**RECOMMENDED DISPOSITION**</u>

**I.      Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or "statement of necessity" to:

     Clerk, United States District Court
     Eastern District of Arkansas
     600 West Capitol Avenue, Suite A149
     Little Rock, AR 72201-3325

**II.     Introduction:**

On May 24, 2010, Plaintiff Carl Lee Curry, an inmate formerly housed at the Arkansas County Detention Center ("ACDC"), filed this Complaint under 42 U.S.C. § 1983 (docket entry #1).  Mr. Curry alleges that he and Defendant Glen Pitts were involved in a car accident that caused him to sustain a back injury while Deputy Pitts was transferring him from a holding cell in Little Rock to the ACDC.  Mr. Curry claims that after the accident, Defendants Fread and Pitts were deliberately indifferent to his medical needs.  In his Complaint, Mr. Curry also sued the insurance company for the ACDC.  The Court has already dismissed Mr. Curry's claim against the insurance company and his negligence claim against Deputy Pitts.  (#19 and #31)

The remaining Defendants have now moved for summary judgment, arguing that Mr. Curry's deliberate-indifference claims fail as a matter of law.  Mr. Curry has not responded to the motion, and the time for doing so has expired.  Because Mr. Curry not responded to the Defendants' statement of undisputed facts, all facts contained in that statement are deemed admitted.  See Local Rule 56.1

Based on the undisputed evidence presented in this case, the Court recommends that the motion for summary judgment (#36) be GRANTED.[1]  The Defendants' motion to dismiss (#45) should be DENIED as moot.

---

[1] Because Mr. Curry has not stated a constitutional claim, the Court will not address the Defendants' qualified immunity argument.

**III. Discussion:**

    A.    Summary Judgment Standard

Summary judgment should be granted when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party must go beyond the pleadings and, by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) (internal citation omitted) ("The nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.")

If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, the moving party is entitled to summary judgment. See *Celotex*, 477 U.S. at 322.

    B.    Official Capacity

In their motion, the Defendants first argue that because Mr. Curry did not indicate in what capacity he was suing the Defendants, it is assumed that he has sued them in their official capacity. "[A]bsent a clear statement that officials are being sued in their

3

personal capacities, 'we interpret the complaint as including only official-capacity claims.'" *Murphy v. Arkansas*, 127 F.3d 750, 754-55 (8th Cir. 1997) (citation omitted). However, a pro se complaint is to be construed liberally, and a cursory examination of the body of the complaint shows that the Mr. Curry intended to sue the Defendants in both their official and individual capacities.

The Defendants are correct, however, that Mr. Curry has not stated a claim against them in their official capacities because he has neither alleged nor presented proof that Arkansas County had a policy or custom of failing to provide inmates with adequate medical care. For that reason, the Defendants are entitled to judgment as a matter of law on Mr. Curry's claims against them in their official capacities.

C.   Individual Capacity

To establish a constitutional violation based on inadequate medical care, Mr. Curry must show that he suffered from a serious medical need. *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). This "requires evidence that the medical condition was diagnosed by a physician as requiring treatment, or was so obvious that a layperson would recognize the need for a physician's attention. Under the subjective prong, [Mr. Curry] must show that the defendants were aware of the need but deliberately disregarded it." *Christian v. Wagner*, 623 F.3d 608, 613 (8th Cir. 2010) (internal citations omitted).

A prisoner must show "more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a

constitutional violation." *Alberson v. Norris*, 458 F.3d 762, 765 (8th Cir. 2006) (citing *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)).

Here, Mr. Curry fails to allege any conduct that could constitute deliberate indifference to his medical needs. He claims that after the accident, he told Defendant Pitts that he was in pain, but instead of taking him to the hospital, Defendant Pitts took him to the Detention Center. After arriving at the Detention Center, Mr. Curry claims that he was not taken to either the hospital or to a back specialist. Unfortunately for Mr. Curry, the undisputed facts in this case do not indicate an unacceptable delay on the part of either Defendant Fread or Defendant Pitts.

Based on the undisputed evidence, after Mr. Curry arrived at the ACDC on March 5, 2011, he was taken to the hospital where a CT scan was performed. (#37-4 at p.1) Mr. Curry's treating physician could not find anything wrong with his back. (#37-1 at p.1) Over the next two months, while Mr. Curry was housed at the ACDC, he filed twenty grievances requesting medical treatment. (#37) He was taken to the doctor seven times due to his complaints of back pain. (#37-1 at p.1) Nothing was ever found to be wrong with Mr. Curry's back. (#37-1 at p.1) The examining physician never recommended that Mr. Curry be examined by a back specialist. (#37-1 at p.2)

Although the extensive visits to physicians and tests may not have provided Mr. Curry with the answers he sought, he can hardly claim that Defendant Fread or Defendant Pitts disregarded his serious medical needs. See *Estelle v. Gamble*, 429 U.S. 97, 107, 97

S.Ct. 285 (1976) (where medical personnel saw inmate seventeen times in three months and treated back strain with bed rest, muscle relaxants, and pain relievers, their failure to x-ray his broken back or implement other diagnostic techniques or treatment was not deliberate indifference); *Sherrer v. Stephens*, 50 F.3d 496 (8th Cir. 1994) (holding that treatment of inmate's broken finger did not rise to the level of deliberate indifference based on evidence that he received x-rays, painkillers, instructions to apply ice, and was examined by orthopedists); and *Bellecourt v. United States*, 994 F.2d 427, 431 (8th Cir. 1993) (holding that, although physician misdiagnosed inmate's condition and the method of physical examination and treatment may not have followed community standards, conduct did not amount to deliberate indifference).  Based on the record, Mr. Curry received adequate treatment, and his claim of deliberate indifference to his serious medical needs fails, as a matter of law.

IV.   **Conclusion:**

The Court recommends that the Defendants' motion for summary judgment (#36) be GRANTED and that Mr. Curry's claims be DISMISSED with prejudice.  The Defendants' motion to dismiss (#45) should be DENIED as moot.

DATED this 26th day of July, 2011.

_____
UNITED STATES MAGISTRATE JUDGE